IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>VS.                                         )<br>                                                ) No. 1:02 CR 743-7<br>                                                )<br>PETER GOTTI,                        ) REPLY TO GOVERNMENT RESPONSE<br>                                                )<br>       Defendant               ) | |

    This reply is submitted on behalf of the defendant Peter Gotti, by his counsel, to the Government's letter response (Doc. 418) of September 23, 2019 to the First Step Act compassionate release motion (Doc. 412) filed June 28, 2019.

    Much of the Government's response deals with the underlying RICO offenses of which Peter Gotti was convicted almost 15 years ago, on December 22, 2004. As our June 28 motion indicates, he no longer denies or contests his guilt in any way. As the motion reflects, he is a very sick old man who simply wants to die, when the time comes, at home. See, in particular Paragraphs 6 and 7 of the motion, at pages 2-3. Much of that comes from his own words, in a letter to his counsel. He genuinely regrets offending in the past and has zero interest in reoffending in any way.

    Certainly his offense was serious, hence his sentence of 300 months. The offenses were serious too in United States v. McGraw, No. 2:02 CR 18-1 (S.D. Indiana) and United States v. Gray, No. 2:02 CR 18-13 (S.D. Indiana). Oscar McGraw and William Gray were codefendants and members of a violent motorcycle gang. Though unproven there were hints of prior homicides in Indiana and California. Both received life sentences, but were this year granted compassionate release under the First Step Act, by Chief Judge Jane Magnus-Stinson, over the Government's strong objection,

very similar to that in this case. McGraw was ordered released on May 9, and Gray on September 20. Copies of those orders are attached and incorporated herein.

On June 28, 2019 Judge Catherine Eagles ordered Angela Beck released, in United States v. Beck, No. 1:13 CR 186 (MDNC), also over the Government's dangerousness objection, as the offense involved drugs and firearms. A copy of that order is attached and incorporated herein.

Daniel Jackson Peterson was 74 when sentenced in a drug trafficking case, and he shot at officers attempting to arrest him. Nonetheless, over the Government's strong objection, Chief Judge Terrence Boyle ordered compassionate release under the First Step Act on May 4, 2019, in United States v. Peterson, No. 7:12 CR 15 (EDNC). A copy of that order is attached and incorporated herein.

The Government opposed compassionate release on the ground of dangerousness, not only in McGraw, Gray, Beck, and Peterson, but also in United States v. Garcia, No. 2:11 CR 935 (C.D. California), United States v. Adams, No. 4:09 CR 115 (N.D. Texas), and United States v. Brittner, No. 9:16 CR 15 (D. Montana). In Brittner the Government agreed Brittner was terminally ill. They just didn't think he was dying quickly enough. Chief Judge Dana Christensen gave appropriately short shrift to that argument.

See also United States v. Bellamy, 2019 U.S. Dist. LEXIS 124219 (D. Minnesota, July 25, 2019), United States v. Clyne, 2019 U.S. Dist. LEXIS 123505 (D. Idoaho, July 22, 2019), and United States v. Johns, 2019 U.S. Dist. LEXIS 107850 (D. Arizona, June 27, 2019). For the most part, perhaps 2/3 of these cases, new of course since the First Step Act became law on December 21, 2018, are being decided without a hearing. There is no national clearing house for them, beyond informal reports from FAMM (Families Against Mandatory Minimums) in Washington. To our knowledge

only two compassionate release motions under the First Step Act have been denied substantively, and both of those cases are now on appeal, United States v. Bowers, No. 19-2312(8th Circuit) and United States v. Friedlander, No. 19-13347 (11th Circuit). The President, the Sentencing Commission, and the DOJ Inspector General have all been pressing for greater use of the new law, which the President emphasized in his State of the Union address on February 3, 2019.

We have truly a thousand or more pages of BOP and Duke University Medical Center records on Peter Gotti, and the Court is of course welcome to all of them. Attached and incorporated herein are but a frightening sample of those records.

As noted in our motion, Peter Gotti clearly meets all criteria for compassionate release, whether under BOP Policy Statement 5049.49 and 5050.50, 18 U.S.C. 3582(c)(1)(A)(i), Section 1B1.13, Federal Sentencing Guidelines and the Commentary to Section 1B1.13. He is obviously, all things considered, on an end of life trajectory and in a debilitated medical condition. And too, the factors set out in 18 U.S.C. 3553(a) will be well satisfied in this case by compassionate release and supervision by the USPO for the Eastern District of New York, at his daughter's home in Howard Beach.

And not to make light of a very serious matter, we submit that Stevie Wonder could see that Peter Gotti is now as dangerous as he looks. He is truly a changed man in so many ways. We should be thankful for that. It does happen, though not as often as we would like.

For all the above reasons and those set forth in the pending motion, we continue to pray the Court for the compassionate release of Peter Gotti under the First Step Act.

Respectfully submitted,

/s/ James B. Craven III
James B. Craven III
NC State Bar 997
Attorney for the Defendant Peter Gotti
P.O. Box 1366
Durham, NC 27702
(919)688-8295
JBC64@MINDSPRING.COM

CERTIFICATE OF SERVICE

I have this day served Government counsel electronically:

Jun Xiang, Esquire
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
Jun.Xiang@usdoj.gov

This 24th day of September 2019.

/s/ James B. Craven III
James B. Craven III

4